| 90 | 71 |
| 101 | 501 |

HARVEY JOSLIN, ASSIGNEE, v. HENRY M. GOEBEL AND CAROLINE A. GOEBEL.

*Assignment for benefit of creditors—Deed by assignor—Husband and wife.*

The decree of the court below, based upon the finding that the property exchanged for that conveyed by the deed sought to. be set aside as fraudulent as to the grantor's creditors was, by an agreement made between him and his wife, the grantee, soon after their marriage, understood to belong to her by virtue of loans and advances made by her to him, and providing that. the difference between such indebtedness and the value of said property should be charged to the wife as unpaid purchase money, and be a lien on the premises so conveyed, is modified by adding to the amount so found to be due from her certain moneys paid out for her by her husband, and charged on his:

books as a part of the account in which she is credited with loans made to him, and as thus modified is affirmed.

Appeal from Kent. (Grove, J.) Argued November 13, 1891. Decided February 5, 1892.

Bill to subject assets to an assignment for benefit of creditors. Both parties appeal. Decree modified and affirmed. The facts are stated in the opinion.

*Montgomery & Bundy, Fletcher & Wanty, Stuart & Knappen,* and *Taggart & Denison,* for complainant.

*Butterfield & Keeney,* for defendants.

LONG, J. On August 31, 1888, the defendant Henry M. Goebel made an assignment to the complainant for the benefit of creditors, purporting to convey all of his property not exempt from execution under the laws of this State. On September 10, 1888, schedules required by law were filed in the office of the clerk of the circuit court for Kent county. These schedules were sworn to by Mr. Goebel, and from them it appears that his assets were appraised at $43,355.23, and his liabilities at $58,-343.86.

On petition of some of his creditors, an order was made by the circuit court for Kent county, granting leave to the creditors to file a bill against the said Henry M. Goebel and his wife, Caroline A. Goebel, in the name of the assignee, for the purpose of recovering assets which it is claimed were not enumerated in the schedules filed, and which were held by the wife of the assignor in fraud of creditors, and to subject such assets to the payment of the claims of the creditors. The defendants answered the bill separately, and replications were filed. Testimony was taken in open court, and the court found that Henry M. Goebel, the assignor, had an interest in

certain real estate, the legal title to which stood in the name of his wife. Upon this finding, the court directed decree to be entered in favor of complainant, and against the defendant Caroline A. Goebel; that she pay to the complainant for the creditors the sum of $1,071.99; and this was made a lien upon her lands. A petition was thereafter made to the court by complainant to open the decree, and to take further proofs, on the ground of newly-discovered evidence. This petition was granted, and the order entered. Further proofs were then taken, upon which the court on July 3, 1891, made a final decree, fixing the amount to be paid by the defendant Caroline A Goebel to the complainant at the sum of $2,232.41, with costs. From this decree both parties' appeal.

From the record it appears that Mr. Goebel came to Grand Rapids in 1871, and engaged in the business of selling wall paper, paints, and oils. In February, 1876, he married the defendant, then the widow of Gilbert Cook. After the marriage they resided at Mr. Goebel's house, on Livingston street, until January 1, 1882, when they moved to a house on Madison avenue, where they have since resided. This Madison-avenue property had been purchased by Mr. Goebel in November, 1881, from William Addis in exchange for the Livingston-street property. In the exchange Mr. Goebel paid in cash the sum of $3,500. To raise this amount he mortgaged the Madison-avenue property to a Mr. Wood for $2,500. In the exchange the consideration for the Madison-avenue property was stated at $10,500. In August, 1888, Mr. Goebel had paid the mortgage down to $1,250. On August 27, 1888, he conveyed the Madison-avenue property to his wife by a deed which recited a consideration of $16,000. On the next day he conveyed to H. D. Kingsbury, for a recited consideration of $1,200, three

city lots, and to his step-son, John W. B. Cook, a house and lot in Evanston, Ill., for $1,000; thus divesting himself of all his real estate. Three days later he made an assignment for the benefit of his creditors. This bill is filed to set aside the deed to his wife and to reach his equities in that property. The defendants claim entire good faith in the transfer; that, by an agreement made soon after they were married, the Livingston-street property had been understood to be Mrs. Goebel's. It is also claimed that there was a misunderstanding upon the part of Mr. Addis in making the deed to Mr. Goebel instead of to Mrs. Goebel, and that the Madison-avenue property had always been understood to be hers; that the money paid in exchange for it was paid by her, and she had always treated the property as her own, and had expended large sums of money upon it; that in pursuance of this agreement, and the cancellation of a debt of $2,200 due her from her husband, a deed was made to her on June 29, 1888; that this deed was lost before being recorded, and the deed of August 27 was made to take its place.

The court below, for the basis upon which the decree was made, found that the deed of August 27 was made to take the place of the former deed, and in fulfillment of the agreement made on November 5, 1881. The court also found that at the time of her marriage Mrs. Goebel was possessed of a considerable estate, from which she loaned and advanced money to her husband from time to time in his business, and to pay upon the mortgages upon the house and lot occupied by the parties as a homestead, and that such loans and advances were so made pursuant to an understanding between the parties that the homestead was to become the property of Mrs. Goebel; that the property known as the Livingston-street property was valued by the parties at $7,000; and that the loans and advances made by Mrs. Goebel to her hus-

band amounted, with interest to that date, to the sum of $4,129.22, being the sum of $2,870.78 less than the value of the property, and with which amount Mrs. Goebel should be charged as unpaid purchase money at the date of the exchange. The court below further found that prior to the execution of the deed of June 29, 1888, Mrs. Goebel had made various other loans and advances to her husband on account of the agreement of November 5, 1881, between them, which, when applied to the reduction of the balance of the purchase money on the premises, left $1,071.99; but, as we have before stated, upon the supplemental hearing this amount was increased to $2,232.41.

The defendants contend that the court was in error in finding the value of the premises at $7,000; that the testimony shows that the value of the premises did not exceed $4,500; and also that the court was in error in not crediting Mrs. Goebel with certain other advances claimed to have been made by her; and that, upon the whole record, it is shown that the premises were purchased in good faith, and fully paid for, and that complainant's bill should have been dismissed. Upon a careful reading of the testimony, and an examination of the accounts, it is apparent to us that the court below was not in error in finding that Mrs. Goebel should be charged with the amount decreed against her, and that the same should be made a lien upon the premises. It would profit no one to set forth here a statement of the account between the parties, or the testimony showing the correctness of this finding.

The complainant contends that the court was in error in not finding a larger amount due from Mrs. Goebel to her husband. It is also contended that a clear case of fraud is presented in the attempt by Mr. and Mrs. Goebel to cover up this property, and place it beyond the reach of creditors, for which the deed should

be set aside, and sale of the Madison-avenue property ordered, subject only to the homestead and dower rights of Mrs. Goebel. We shall not enter upon a discussion of the different items of account which the complainant claims should have been charged to Mrs. Goebel, except we think the court below was in error in omitting to charge Mrs. Goebel with money paid out for her by Mr. Goebel, and appearing upon his books as a part of the very account in which she is credited for loans made to him. About these items there appears to be no dispute, and they amount, with interest to January 5, 1891, to the sum of $1,788.45. It would seem to be an oversight in the court below in leaving these items out of the account, as they appear plainly in the account of Mr. Goebel as moneys paid out for his wife. We are unable to say that the court below was in error in not charging Mrs. Goebel with other items set out in the record, which complainant claims should have been charged to her. The testimony is very voluminous, and the court below had an opportunity to see the witnesses, and judge of their fairness, and we do not feel justified in disturbing the decree aside from the items here specified.

The decree of the court below will be affirmed, making the amount a lien upon Mrs. Goebel's property, and the amount found by the court below increased by adding to the amount of $2,232.41 the sum of $1,788 45, making in all the sum of $4,020.86, which complainant will recover, with interest at 6 per cent. from date of decree below, together with the costs of both courts.

MORSE, McGRATH, and GRANT, JJ., concurred. CHAMPLIN, C. J., took no part in the decision.